## DOC SMITH v. STATE.

No. A-4955. Opinion Filed April 16, 1925.
(235 Pac. 552.)

(Syllabus.)

1. **Intoxicating Liquors—Unlawful Sale—Evidence Insufficient.** In a prosecution for the sale of "Choctaw beer" alleged to be intoxicating liquor, evidence held insufficient to sustain a conviction.

2. **Same—Proof Necessary that Liquor Sold Intoxicating.** In a prosecution for selling "Choctaw beer," the proof should establish the fact that such beer is intoxicating in addition to

the other essential facts; otherwise a judgment of conviction will be reversed.

Appeal from County Court, Carter County; H. A. Hardy, Judge.

Doc Smith was convicted of selling intoxicating liquor, and he appeals. Reversed.

R. C. Roland, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that on the 13th day of July, 1923, "Doc Smith did willfully and unlawfully sell intoxicating liquor, to wit, Choctaw beer to ............ Shelton, for the sum of $1 for a quart." The trial resulted in a verdict of guilty, and punishment fixed at a fine of $50, and confinement for 30 days. From the judgment on the verdict, he appeals. The errors assigned question the sufficiency of the evidence to support the verdict.

Wallace Shelton testified that he stopped his car near the defendant's place and went into the house and paid a dollar for a bottle of Choctaw beer; that it was in the dark, and he did not know the party that handed it to him, but thought it was a man. When he returned to his car where his wife was, John Ginn took the bottle from him.

John W. Ginn testified that he saw Shelton get out of his car and go to the defendant's house, and come back with a quart bottle, which he handed to his wife, and she handed the bottle to witness; that he went into the house and found Doc Smith and his wife there and Doc said "that guy wanted to buy a nickel's worth of ice to cool a bottle of beer that he held in his hand"; that he had the contents of the bottle analyzed at the Hardy Sanatorium.

When the state rested, the defendant moved for a directed verdict in the form of a demurrer to the evidence, for the reason that there was no proof that the contents of the bottle was intoxicating liquor. Objection overruled. Exception.

For the defense Donie Clemons testified that she remembered when Mr. Ginn and Mr. Simpson came to Mr. Smith's house and that, just before they came, a man called and said he wanted some ice to cool a bottle of beer; Mr. Smith said that he had the ice but did not have a bucket to put it in.

Mrs. Smith testified that a man came to the door and asked if they had a bucket and ice, saying that he had found a bottle of Choc and wanted some ice to cool it; that she told them that she had the ice, but did not have a bucket; and he thanked them and went away.

Nowhere in the record is there any evidence tending to show that the contents of the bottle was intoxicating liquor.

The witness Ginn stated that he had the contents analyzed at the Hardy Sanatorium, but there is no testimony showing the result of the analysis.

In the case of Estes v. State, 13 Okla. Cr. 604, 166 P. 77, 4 A. L. R. 1135, it was held:

" 'Intoxicating liquor,' as this phrase is used in the prohibitory liquor statutes of this state, is an alcoholic liquor, and in order to come under the ban of the law such liquor must either contain more than one-half of 1 per cent. of alcohol, or a sufficient quantity of it in a liquor or compound, capable of being used as a beverage, to intoxicate a human being."

Upon the record in this case, we are of the opinion that the evidence is wholly insufficient to warrant a ver-

dict of guilty, and that the court erred in overruling the defendant's motion for a directed verdict of acquittal.

The judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.